IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO: CR-06-0067-C-EJL |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM ORDER** |
| vs. ) | |
| ) | |
| CAMERON SCOTT GRIFFIN, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court in the above-entitled matter are Defendant's motion to dismiss, motion to suppress, and motion for Frank's hearing. The responsive briefing is complete and the motions are now ripe for the Court to consider. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record on the motion to dismiss. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**Factual and Procedural Background**

Defendant, Cameron S. Griffin, has been charged by way of a superseding indictment with two counts of distribution of methamphetamine, two counts of possession with intent to distribute methamphetamine, possession with intent to distribute cocaine, and drug forfeiture. (Dkt. No. 66). The charges stem from an investigation by the Quad Cities Drug Task Force (QCDTF) which is located in northern Idaho and comprised of several area law enforcement offices.

MEMORANDUM ORDER-1-

On March 20, 2006, Mr. Griffin was arrested and transported to the Clarkston Police Department. Later that day officers took Mr. Griffin to his place of employment, LoLo Sporting Goods, whereupon officers executed a search warrant that was previously obtained. Thereafter, the QCDTF requested and were granted a second search warrant for 2662 Cascade Street, Clarkston, Washington which they claim is Mr. Griffin's residence. Mr. Griffin has filed the instant motions challenging the application, granting, and execution of the search warrants and seeks dismissal of the charges or suppression of the evidence.

## Discussion

I.  Motion to Dismiss:

Defendant has filed a motion to dismiss the indictment in this case upon the ground that during the time of the charges in this case Defendant asserts he was working intermittently with the knowledge and authority of the DEA. As such, Defendant asserts the defenses of public authority and/or entrapment by estoppel. Defendant also claims the Government has failed to provide evidence essential to these claims even though Defendant has requested such evidence. The Government opposes the motion and maintains that the DEA was not working with the Defendant at the time of these alleged crimes. The Government also disputes the Defendant's factual allegations and maintains that it has provided the Defendant will "all the information it has." (Dkt. No. 55, p. 9).

"On a motion to dismiss the indictment, the allegations contained therein must be taken as true." United States v. Bellomo, 263 F.Supp. 2d 561, 579 (E.D. N.Y. 2003) (citing United States v. Goldberg, 756 F.2d 949 (2d Cir. 1985)); United States v. Lamb, 150 F.Supp. 310, 312 (N.D. Cal. 1957) ("On a motion to dismiss an

MEMORANDUM ORDER-2-

Indictment on the ground that it fails to state facts sufficient to constitute an offense against the United States, this Court is bound to accept as true all well pleaded facts set forth in the Indictment.") (citations omitted).  "What the Government will be able to prove at a trial is one thing, but what is charged in the Indictment is quite another.  It is only the latter with which the Court is now concerned on a motion to dismiss." Lamb, 150 F.Supp. at 312.

The Defendant points to his communications with DEA agents and his prior cooperation with the DEA.  When the Defendant was arrested he notified law enforcement that he was working for the DEA.  The Government, however, notes that at the time of the Defendant's alleged criminal activity the cooperation agreement between the Defendant and the DEA had expired, the Defendant's activities were in violation of the cooperation agreement, the Defendant engaged in the activities without properly contacting law enforcement and during the contact he did have with law enforcement he was advised against engaging in any criminal activity without direction from the appropriate agency.  As such, the Government argues the Defendant cannot prove either of these affirmative defenses.

Taking the allegations in the indictment as true the Court finds the facts stated satisfy the requirements of Federal Rule of Criminal Procedure 7(c) which governs the nature and contents of an indictment and requires that "[t]he indictment...shall be a plain, concise and definite written statement of the essential facts constituting the offense charged...shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." Fed. R. Crim. P. 7(c).  "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant

MEMORANDUM ORDER-3-

of the charge, and to enable him to plead double jeopardy. United States v. Morlan, 756 F.2d 1442, 1443 (9th Cir. 1985) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)). The Defendant's arguments here assert two affirmative defenses which may be successful before a jury but which are not properly determined on this motion by the Court. Additionally, whether the Government is able to prove the allegations in the indictment at trial is a matter left to the jury who will have the benefit of viewing, weighing, and deliberating on the evidence and testimony offered at trial. This Court makes no findings, rulings, or conclusions as to whether the allegations are supported by evidence. The motion to dismiss is denied.

As to Defendant's arguments regarding the failure of the Government to disclose evidence, the Court will take as true the Government's statement that it has provided proper disclosure and directs that the parties continue to abide by their legal obligations to disclose evidence as required by law.

II.     Motion to Suppress/Frank's Hearing:

Defendant has requested that the Court conduct a Franks hearing regarding the search warrant issued for 2662 Cascade Street, Clarkson, Washington. A Franks hearing is sought to "determine whether material statements and omissions reflected in the search warrants affidavits were reckless or deliberate." Franks v. Delaware, 438 U.S. 154 (1978). In Franks, the Supreme Court held that:

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

Id. at 155-56.

MEMORANDUM ORDER-4-

A <u>Franks</u> hearing is "appropriate where the defendant makes a substantial preliminary showing that a false statement was (1) deliberately or recklessly included in an affidavit submitted in support of a search warrant, and (2) material to the district court's finding of necessity." <u>United States v. Shryock</u>, 342 F.3d 948, 976 (9th Cir. 2003) (citing <u>United States v. Bennett</u>, 219 F.3d 1117, 1124 (9th Cir. 2000)). The Supreme Court made clear the Defendant's burden requires:

> allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

<u>Franks</u>, 438 U.S. at 171.

Defendant's motion asserts a <u>Franks</u> hearing is necessary to determine whether Detective Denny provided false statements or material omissions in the warrant application which impacted the judge's decision to grant the warrant. Specifically, Defendant asserts the affidavit omitted various facts relating to his work as a confidential informant for the DEA. In response, the Government argues the Defendant has failed to make the requisite showing for a <u>Franks</u> hearing. The Government notes that each of the omissions or misstatements raised by the Defendant do not rise to the level of an omission or misstatement necessitating such a hearing. Further, the Government notes that probable cause to issue the warrant exists regardless of the alleged misstatements and omissions.

The Court has reviewed the parties' submissions and the record herein including the search warrant and supporting affidavit. Based upon this review the Court finds that a <u>Franks</u> hearing is necessary. The Defendant has made the requisite

MEMORANDUM ORDER-5-

1 showing that the affidavits may contain intentional or reckless misrepresentations or
2 omissions which affected the probable cause determination.  Accordingly, the Court
3 will take the motion to suppress under advisement and grant the motion for a <u>Franks</u>
4 hearing to be set in due course.

## Order

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** as follows:

1) Defendant's Motion for Franks' Hearing (Docket No. 42) is **GRANTED** and Defendant's Motion to Suppress (Docket No. 27) is **UNDER ADVISEMENT**.

2) Defendant's Motion to Dismiss (Docket No. 26) is **DENIED**.

3) The trial date for this matter currently set for **Tuesday, October 24, 2006** is **VACATED** and will be reset in due course.



DATED: **October 5, 2006**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER-6-